UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDOD BIJOU,

      Plaintiff,

v.                           Case No: 2:14-cv-517-FtM-29DNF

KEVIN RAMBOSK, as Sheriff of
Collier County, Florida,
TRAVIS HENDERSON, and SMITH
CHARLES,

      Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of Defendants' Motions to Dismiss (Docs. ##24-26) filed on November 13, 2014. Plaintiff filed a Response (Doc. #32) on January 28, 2015. For the reasons set forth below, the motions are granted in part and denied in part.

**I.**

Plaintiff Fedod Bijou (Bijou) has filed a six-count Amended Complaint (Doc. #6) against Defendants Collier County Sheriff Kevin J. Rambosk (Sheriff Rambosk) and Collier County Sheriff's Officers Travis Henderson (Officer Henderson) and Charles Smith (Officer Smith) alleging that Defendants falsely arrested, falsely imprisoned, and maliciously prosecuted him. The underlying facts, as set forth in the Amended Complaint, are as follows:

On the morning of May 22, 2014, Officer Henderson entered Bijou's home to question him regarding a possible domestic dispute between Bijou and his wife.  (Doc. #6, ¶¶ 12-16.)  Following questioning, Bijou was arrested and transported to a police sub-station where he was further questioned by Officer Smith.  (Id. at ¶¶ 17-24.)  According to Bijou, Officer Henderson had no probable cause to arrest him.  (Id. at ¶ 42.)  After being questioned by Officer Smith, Bijou was transferred to the Naples Jail Center and was arraigned the following day.  Sometime thereafter, Bijou was released and all criminal charges against him were dropped.  (Id. at ¶¶ 25-32.)

Based on these allegations, Bijou brings causes of action against Sheriff Rambosk and Officer Henderson for violating 42 U.S.C. § 1983 (Section 1983) by depriving him of his constitutional rights (Counts I and II); a cause of action against Officer Henderson for false arrest (Count III); causes of action against Officer Henderson and Officer Smith for malicious prosecution (Counts IV and V); and a cause of action against Officer Henderson for negligence (Count VI).  Defendants now move to dismiss each count for failing to state a claim upon which relief can be granted.

**II.**

Bijou is proceeding *pro se* and, therefore, the Court must construe his pleadings liberally.  Hope v. Bureau of Prisons, 476

F. App'x 702, 704-05 (11th Cir. 2012).   Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required [to] rewrite a deficient pleading." Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007).   Accordingly, if a complaint fails to articulate claims with sufficient clarity to enable defendants to properly frame a response, it will be dismissed.   Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).   To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."   Id. at 555.   See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).   This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

#### A.   Counts I-II

In Counts I and II, Bijou alleges that Sheriff Rambosk and Officer Henderson violated Section 1983 by depriving him of his constitutional rights. Counts I and II do not specify whether they are brought against Sheriff Rambosk and Officer Henderson in their official or individual capacities. However, in a separate section of the Amended Complaint, Bijou states that each Defendant acted "individually, as well as under color of authority of the laws of the State of Florida." (Doc. #6, ¶ 4.) Accordingly, the Court will assume that Counts I and II are brought against Sheriff

Rambosk and Officer Henderson in both their official and individual capacities.

**(1)  Official Capacity Claims:**

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). A local government may be held liable under Section 1983, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To prevail on a Section 1983 claim against a municipality, "a plaintiff must show (1) that his constitutional rights were violated; (2) that the municipality had a policy or custom that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Whittington v. Town of Surfside, 269 F. App'x 918, 921 (11th Cir. 2008).

Here, Bijou alleges that he was arrested, imprisoned, and prosecuted without probable cause; that Sheriff Rambosk has "developed over time a policy of deficiency in training leading to lack of insights for deputies, a lack of oversight of deputies in the execution of their duties, and a lack of appropriate discipline for illegal conduct while [on] duty;" and that his arrest,

imprisonment, and prosecution were the result of Sheriff Rambosk's policy of deficient training, inadequate oversight, and lack of discipline.   Construing these allegations liberally, the Court concludes that Bijou has adequately pled a Section 1983 claim against Sheriff Rambosk in his official capacity.

Section 1983 claims against officers in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Where the entity may be sued, there is no need to allow an official-capacity action. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Accordingly, the Section 1983 against Sheriff Rambosk in his official capacity is properly understood as a cause of action against Collier County, the government entity he represents.  See Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1115 (11th Cir. 2005) ("When, as here, the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, Monroe County.")  The same is true for the Section 1983 claim against Henderson in his official capacity. Thus, the official-capacity claim against Officer Henderson (Count II) is clearly redundant of the official-capacity claim against Sherriff Rambosk (Count I) and will be dismissed without prejudice.

**(2)  Individual Capacity Claims:**

An individual-capacity Section 1983 claim "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." <u>Graham</u>, 473 U.S. at 165.  To prevail on an individual-capacity claim, a plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right.  <u>Id.</u> at 166.

Here, Bijou does not allege that Sheriff Rambosk was personally involved with (or even aware of) his arrest, imprisonment, or prosecution.  Accordingly, to the extent Count I asserts a Section 1983 cause of action against Sheriff Rambosk in his individual capacity, it is dismissed.

In support of Bijou's claim against Officer Henderson in his individual capacity, Bijou alleges that Officer Henderson arrested him despite knowing that there was no probable cause to do so; that Officer Henderson "tricked" his wife into writing a statement justifying the arrest; and that Officer Henderson's alleged misconduct was racially-motivated.  (Doc. # 6, ¶¶ 40-44.)  As explained above, a warrantless arrest without probable cause is a depravation of a constitutional right and provides a basis for a Section 1983 claim.  Accordingly, the Court concludes that Bijou has adequately pled a Section 1983 claim against Officer Henderson in his individual capacity.  However, Officer Henderson argues

that the individual-capacity claim must be dismissed because he has qualified immunity.

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quotations omitted).  The purpose of qualified immunity "is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  Id. (citations and quotations omitted).

"Police officers receive qualified immunity from false-arrest claims if they had arguable probable cause to make the arrest.  An officer has arguable probable cause if a reasonable officer in the same circumstances with the same knowledge could have believed he or she had probable cause to arrest." Davis v. Markley, No. 14-12195, 2015 WL 480407, at *2 (11th Cir. Feb. 6, 2015) (quotations and citations omitted).  "Probable cause to arrest exists when a prudent person would believe, under the circumstances, that the suspect has committed, is committing, or is about to commit an offense." Id. (quoting Morris v. Town of Lexington, 748 F.3d 1316, 1324 (11th Cir. 2014)).

Bijou attached to his Complaint the arrest report prepared by Officer Henderson. (Doc. #1-1, pp. 6-7.) As set forth in the report, Officer Henderson arrived at Bijou's residence in response to a 911 call from Bijou's wife, Esteve Louis (Louis). (Id.) Officer Henderson spoke with Louis, who told him that Bijou had choked her. (Id.) The report also states that during a previous visit to Bijou's residence, Louis told Officer Henderson that Bijou had slapped her. (Id.) After speaking with Louis, Officer Henderson spoke with Bijou, who denied the incident. Bijou was then placed under arrest. (Id.)

If the report is accurate, Officer Henderson unquestionably had *actual* probable cause to arrest Bijou. Thus, if the report is accurate, not only would Officer Henderson have qualified immunity, but all of Bijou's claims would fail. However, Bijou alleges that the report is fabricated. For example, while the report states that Bijou was arrested based in part upon Louis's statements, Bijou contends that Louis did not speak to Officer Henderson until *after* Bijou's arrest. This is supported by a letter Louis wrote to inform the Collier County Circuit Court that she wanted to drop all charges against Bijou. (Id. at p. 10.) In that letter, Louis states that Bijou "was arrested before I even made my statement;" that she "made [her] statement the way [she] did" because she panicked following Bijou's arrest; and that Bijou "has never touched [her]" in their nine years together. (Id.)

At this stage in the proceedings, the Court must accept Bijou's factual allegations as true. Assuming Bijou is correct that Officer Henderson's report does not accurately reflect the circumstances of his arrest, the Court concludes that Officer Henderson has failed to demonstrate that he is entitled to qualified immunity at this time. Therefore, Bijou's Section 1983 claim against Officer Henderson in his individual capacity will not be dismissed.

In sum, Count I is dismissed as to Sheriff Rambosk in his individual capacity and Count II is dismissed as to Officer Henderson in his official capacity. Defendants' motion to dismiss Counts I-II are otherwise denied.

**B.   Counts III-VI**

In Counts III-VI, Bijou appears to assert state law causes of action against Officer Henderson and Officer Smith for the torts of false arrest, malicious prosecution, and negligence. However, in his Response to Defendants' motions, Bijou states that he is not "looking for relief under State Law." (Doc. #32, ¶ 6.)   The state law torts in Counts III-VI are premised on the same conduct underlying the Section 1983 causes of action in Counts I-II. Accordingly, if Bijou prevails on his Section 1983 causes of action, Counts III-VI will not provide Bijou with any additional recovery. In that sense, Counts III-VI are redundant. Therefore, the Court will take Bijou at his word and dismiss Counts III-VI

without prejudice.  Bijou is granted leave to amend in the event
he does indeed intend to assert the state law claims set forth in
Counts III-VI.

Accordingly, it is now

**ORDERED:**

1.    Defendants' Motions to Dismiss (Doc. #24) are **GRANTED IN
PART and DENIED IN PART**.

2.    To the extent it asserts a cause of action against
Sheriff Rambosk in his individual capacity, Count I of the Amended
Complaint is **dismissed without prejudice.**

3.    To the extend it asserts a cause of action against
Officer Henderson in his official capacity, Count II of the Amended
Complaint is **dismissed without prejudice.**

4.    Counts III-VI of the Amended Complaint are **dismissed
without prejudice.**

5.    The motions are otherwise denied.

6.    Plaintiff is granted leave to file a Second Amended
Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of
March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record