UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDOD BIJOU,

      Plaintiff,

v.                        Case No: 2:14-cv-517-FtM-29DNF

KEVIN RAMBOSK, as Sheriff of
Collier County, Florida,
TRAVIS HENDERSON, and SMITH
CHARLES,

      Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of Defendant Travis Henderson's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. #38) and Defendant Charles Smith's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #39) filed on March 23, 2015. No responses have been filed and the time to do so has expired. For the reasons set forth below, Defendant Travis Henderson's motion is granted and Defendant Charles Smith's motion is denied.

**I.**

    Plaintiff Fedod Bijou (Bijou) has filed a five-count Second Amended Complaint (Doc. #6) against Defendants Collier County Sheriff Kevin J. Rambosk (Sheriff Rambosk) and Collier County Sheriff's Officers Travis Henderson (Officer Henderson) and

Charles Smith (Officer Smith) alleging that Defendants falsely arrested, falsely imprisoned, and maliciously prosecuted him.  The underlying facts, as set forth in the Amended Complaint, are as follows:

On the morning of May 22, 2014, Officer Henderson entered Bijou's home to question him regarding a possible domestic dispute between Bijou and his wife.  (Doc. #6, ¶¶ 12-16.)  Following questioning, Bijou was arrested and transported to a police sub-station where he was further questioned by Officer Smith.  (Id. at ¶¶ 16-24.)  According to Bijou, Officer Henderson had no probable cause to arrest him.  (Id. at ¶ 42.)  After being questioned by Officer Smith, Bijou was transferred to the Naples Jail Center and was arraigned the following day.  Sometime thereafter, Bijou was released and all criminal charges against him were dropped.  (Id. at ¶¶ 25-32.)

Based on these allegations, Bijou brings causes of action against Sheriff Rambosk and Officer Henderson for violating 42 U.S.C. § 1983 (Section 1983) by depriving him of his constitutional rights (Counts I and II); a cause of action against Officer Henderson for false arrest (Count III); causes of action against Officer Henderson and Officer Smith for malicious prosecution (Counts IV and V).  Officer Henderson now moves to dismiss Count II to the extent it alleges a Section 1983 malicious prosecution violation, and Officer Smith now moves to dismiss Count V.

## II.

Bijou is proceeding *pro se* and, therefore, the Court must construe his pleadings liberally. Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required [to] rewrite a deficient pleading." Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007). Accordingly, if a complaint fails to articulate claims with sufficient clarity to enable defendants to properly frame a response, it will be dismissed. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

### 1.  Count II

In Count II, Bijou alleges that Officer Henderson violated Section 1983 by depriving him of his constitutional rights. Among the violations alleged by Bijou is malicious prosecution in violation of the Fourth Amendment right to be free from unreasonable seizures. Officer Henderson argues that this portion

of Count II must be dismissed because Bijou has failed to state a claim upon which relief can be granted.

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). "In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted." Id. at 1235. "Thus, the plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest." Id. (quotation omitted). Additionally, the "normal conditions of pretrial release [do not] constitute a 'continuing seizure' barring some significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate." Id. at 1236.

Here, Bijou does not allege that he was detained post-arraignment or that the conditions of his pretrial release restricted his rights in any way. Therefore, Bijou has failed to adequately state a Section 1983 violation for malicious prosecution. That portion of Count II will be dismissed.

2.   **Count V**

In Count V, Bijou brings a cause of action against Officer Henderson for the common law tort of malicious prosecution. Officer Smith argues that Count V must be dismissed for failure to state a claim upon which relief can be granted.

Under Florida law, the tort of malicious prosecution comprises six elements:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding."

Kingsland, 382 F.3d at 1234.  Officer Smith does not address the elements individually, instead arguing that Bijou's conclusory allegations against him are generally insufficient.  As detailed above, Bijou alleges that Officer Henderson did not have probable cause to arrest him; that Officer Henderson and Officer Smith fabricated the circumstances of his arrest as a result of their racial bias against him; that, as a result of a false police report created by Officer Henderson and Officer Smith, criminal charges were filed against him; that all charges against him were subsequently dropped; and that he suffered financial and physical damages as a result.  Construing these allegations liberally given

Bijou's *pro se* status, the Count concludes that Bijou has adequately alleged a cause of action against Officer Smith for malicious prosecution.  Therefore, Officer's Smith's motion is denied.

Accordingly, it is now

**ORDERED:**

1.    Defendant Travis Henderson's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. #38) is **GRANTED**. Count II of the Second Amended Complaint is dismissed without prejudice to the extent it alleges a cause of action for malicious prosecution in violation of 42 U.S.C. § 1983.

2.    Defendant Charles Smith's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #39) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of May, 2015.

_____

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

7