UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDOD BIJOU,

        Plaintiff,

v.                              Case No: 2:14-cv-517-FtM-29MRM

KEVIN RAMBOSK, as Sheriff of
Collier County, Florida,
TRAVIS HENDERSON, and SMITH
CHARLES,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. #57) filed on August 24, 2015. On September 10, 2015, the Court granted Plaintiff until September 21, 2015 to file a response. (Doc. #60.) The Court explained to Plaintiff that if he failed to respond by that date, the Court would rule on the motion without further notice and without the benefit of a response. (Id.) No response has been filed and the time to do so has expired. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff Fedod Bijou (Bijou) has filed a five-count Second Amended Complaint (Doc. #6) against Defendants Collier County Sheriff Kevin J. Rambosk (Sheriff Rambosk) and Collier County Deputy Sheriffs Travis Henderson (Deputy Henderson) and Charles

Smith (Deputy Smith) alleging that Defendants falsely arrested and maliciously prosecuted him.  The relevant undisputed facts are as follows:

On May 21, 2014 Bijou's wife, Esteve Louis (Louis), called 911 and reported a domestic disturbance between Bijou and herself. (Doc. #57-1, pp. 9-10.)  Deputy Henderson responded to the 911 call and spoke with Louis at the residence she shared with Bijou. (Id.)  Bijou was not present and Deputy Henderson did not make contact with him that day.  (Id.)  Louis told Deputy Henderson that she and Bijou had argued regarding Louis's refusal to sign paperwork necessary to obtain passports for their children.  (Id.) According to Louis,[1] Bijou became angry and attempted to take a bag containing Louis's personal documents.  (Id.)  When Louis refused to let him take the bag, Bijou slapped her.  (Id.)  Louis provided Deputy Henderson with a sworn statement outlining the incident.  (Id.)

The following day, May 22nd, Deputy Henderson responded to another reported domestic disturbance at Bijou's residence.  (Id.) Louis told[2] Deputy Henderson that her argument with Bijou continued

---

[1] Bijou was not present when Deputy Henderson spoke to Louis.  Bijou disputes that the incident described by Louis took place (Doc. #57-5, pp. 12-13), but he has provided no evidence contradicting Deputy Henderson's recollection of his conversation with Louis.

[2] As with the incident on May 21st, Bijou was not present when Officer Henderson spoke with Louis.  While Bijou disputes Louis's version of events (Doc. #57-5, pp. 15-19), he has provided no

once Bijou returned home from work and that Bijou had placed some of Louis's belongings in his car. (Id.) Louis took the key for the car to retrieve her belongings, and Bijou attempted to take it back. (Id.) When Louis refused, Bijou placed his arm around Louis's neck, which prevented her from breathing. (Id.) Eventually, Bijou let go of Louis and went into their master bedroom to shower. (Id.) At that point, Louis called 911. (Id.) After speaking with Louis, Officer Henderson spoke with Bijou inside the residence. (Id.) Bijou denied the allegations. (Id.) Based upon Louis's statements that day and the day prior, Officer Henderson placed Bijou under arrest. (Id.) Following Bijou's arrest on May 22nd, Louis provided an audio-recorded sworn statement in which she reiterated the version of events she provided Officer Henderson. (Doc. #52.) The following day, Bijou was arraigned on three counts of battery. (Doc. #1-1, pp. 2-3.)

Following Bijou's arrest and arraignment, Louis provided two statements to the 20th Judicial Circuit Court in which she sought to drop all charges against Bijou. (Doc. #1-1, pp. 1, 10.) In those statements, Louis states that she was not aware she was pressing charges when she provided her written and oral statements, and that she only decided to provide the statements because Bijou had already been arrested. (Id.) The second statement, provided

---

evidence contradicting Deputy Henderson's recollection of his conversation with Louis.

on June 19, 2014, also states that Bijou and Louis "have been together for around 9 years, and he has never touched me." (Id. at p. 10.)  Ultimately, all charges against Bijou were dropped. (Doc. #1-1, pp. 8-9.)

On June 29, 2014, Louis once again called 911 to report a domestic disturbance between herself and Bijou. (Doc. #57-4, pp. 10-11.)  Collier County Deputy Sheriff Aaron App (Deputy App) responded to the report and spoke with Louis at her residence.[3] (Id.)  Louis told Deputy App that Bijou had previously requested that she file a false statement recanting her earlier allegations of domestic violence so that Bijou could sue for false arrest. (Id.)  Louis further explained to Deputy App that the current incident occurred because Bijou believed that Louis still possessed copies of the statement Bijou had drafted, and Bijou was worried that Louis was going to tell the authorities about Bijou's plan. (Id.)  Bijou then took a bag containing Louis's important personal documents, and left the residence. (Id.)  Louis signed a sworn statement outlining the information she told Deputy App. (Id. at p. 13.)

---

[3] As with the previous two incidents, Bijou was not present when Deputy App spoke with Louis or when Louis provided her sworn statement.  Thus, while Bijou disputes Louis's version of events (Doc. #57-5, pp. 33-36), he has provided no evidence contradicting Deputy App's recollection of his conversation with Louis.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding

summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

**A.    Section 1983 Claims Against Sheriff Rambosk & Deputy Henderson – Counts I & II**

In Counts I and II, Bijou brings causes of action against Sheriff Rambosk and Deputy Henderson for depriving him of his constitutional rights in violation of Section 1983.  Specifically, Bijou contends that Deputy Henderson deprived him of his Fourth Amended right to be free from unlawful searches and seizures when Deputy Henderson arrested him without probable cause.   Bijou further contends that Sheriff Rambosk is also liable for Deputy Henderson's unlawful arrest because Deputy Henderson was acting in accordance with policies promulgated by Sheriff Rambosk.

Under the Fourth Amendment, an individual has a right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV.  "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." Case v. Eslinger, 555 F.3d 1317, 1326 (11th Cir. 2009) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004)).

A local government entity such as Collier County[4] may be held liable under Section 1983, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To prevail on a Section 1983 claim against a municipality, "a plaintiff must show (1) that his constitutional rights were violated; (2) that the municipality had a policy or custom that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Whittington v. Town of Surfside, 269 F. App'x 918, 921 (11th Cir. 2008).

Here, Bijou's Section 1983 causes of action for false arrest fail because the undisputed facts demonstrate that Deputy Henderson had probable cause to arrest Bijou for battery.

---

[4] Count I alleges a Section 1983 claim against Sheriff Rambosk in his official capacity as Sheriff of Collier County, Florida. Section 1983 claims against officers in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Where the entity may be sued, there is no need to allow an official-capacity action. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Accordingly, the Section 1983 against Sheriff Rambosk in his official capacity is properly understood as a cause of action against Collier County, the government entity he represents. See Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1115 (11th Cir. 2005) ("When, as here, the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, Monroe County.").

"Probable cause to arrest exists when a prudent person would believe, under the circumstances, that the suspect has committed, is committing, or is about to commit an offense." Davis v. Markley, 601 F. App'x 799, 802 (11th Cir. 2015) (quoting Morris v. Town of Lexington, 748 F.3d 1316, 1324 (11th Cir. 2014)).  Bijou has the burden of establishing the absence of probable cause. Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998).

Bijou was arrested for battery in violation of Florida Statute 784.03.  An individual commits battery when he "[a]ctually and intentionally touches or strikes another person against the will of the other;" or "[i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03.  Thus, Deputy Henderson had probable cause to arrest Bijou if a prudent person would believe, under the circumstances, that Bijou had intentionally struck Louis against her will or intentionally caused her bodily harm.

It is undisputed that the following relevant facts were available to Deputy Henderson at the time he arrested Bijou:  (1) Louis had called 911 on both May 21st and May 22nd to report domestic disturbances between herself and Bijou; (2) Louis was crying and visibly upset when Deputy Henderson spoke to her on May 21st; (3) when Deputy Henderson arrive at Bijou's residence on the 21st, he observed two white trash bags filled with clothing outside the residence; (4) during the May 21st incident, Louis told Deputy Henderson that she and Bijou had argued regarding their children's

passports and that Bijou had put her clothes in trash bags and thrown them out of the residence; (5) during the May 21st incident, Louis told Deputy Henderson that Bijou had slapped her; (6) Louis provided a sworn written statement that Bijou had slapped her during their altercation on May 21st; (7) Louis was crying and visibly upset when Deputy Henderson returned to the residence in response to the May 22nd 911 call; (8) during the May 22nd incident, Louis told Deputy Henderson that Bijou had choked her; (9) when Deputy Henderson spoke to Bijou on May 22nd, Bijou denied all of Louis's allegations. (Doc. #57-1.) These undisputed facts, even when viewed in the light most favorable to Bijou, demonstrate that Deputy Henderson possessed probable cause to arrest Bijou for battery.

There is no dispute that, if true, Louis's allegations establish that Bijou committed the crime of battery. "Generally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause." Moreno v. Turner, 572 F. App'x 852, 856 (11th Cir. 2014) (quoting Rankin, 133 F.3d at 1441). See also, Gramenos v. Jewel Cos., 797 F.2d 432, 439 (7th Cir. 1986) ("When an officer has received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, he has probable cause."). Here, there is no evidence in the record which suggests that Officer Henderson was unreasonable in believing that Louis was telling the

truth.  Indeed, there is ample evidence to the contrary.  Louis was crying and appeared visibly upset when speaking to Deputy Henderson, which suggests that some sort of incident had occurred. Moreover, her description of the May 21st incident was corroborated by Deputy Henderson's observation of trash bags containing clothing outside the residence.  Finally, on May 21st, Louis provided a sworn written statement which was consistent with her verbal description of the events.  Based upon these undisputed facts, the Court concludes that a prudent person would believe, under the circumstances, that Bijou had intentionally struck Louis against her will and/or intentionally caused her bodily harm. Thus, the Court concludes that Deputy Henderson had probable cause to arrest Bijou for battery.

To be clear, it is undisputed that Bijou categorically denied battering Louis.  However, when faced with conflicting versions of events, "arresting officers, in deciding whether probable cause exists, are not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed."  Dahl v. Holley, 312 F.3d 1228, 1234 (11th Cir. 2002).  "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment."  Id. (quoting Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997)).  Thus, "while a police officer should consider a suspect's

explanation in evaluating the existence of probable cause, he is
under no obligation to give any credence to a suspect's story nor
should a plausible explanation in any sense require the officer to
forego arrest pending further investigation if the facts as
initially discovered provide probable cause." Williams v. City of
Homestead, 206 F. App'x 886, 888-89 (11th Cir. 2006) (quotation
omitted).  As set forth above, the undisputed facts demonstrate
that the totality of the information available to Deputy Henderson
provided a sufficient basis for him to conclude that Bijou had
committed battery.  Accordingly, Deputy Henderson was under no
obligation to credit Bijou's claim that he was innocent, and Deputy
Henderson's refusal to accept Bijou's version of events does not
render Bijou's arrest unreasonable.

Similarly, Louis's subsequent written statements in which she
sought to drop all charges and appeared to recant her prior
allegations of battery (Doc. #1-1, pp. 1, 10) are irrelevant to
the probable cause determination because those statements were not
known to Deputy Henderson at the time of arrest.  Hunsader v.
Melita, No. 12-CV-2080, 2013 WL 6866468, at *3 (M.D. Fla. Dec. 31,
2013) ("Probable cause does not depend on the witness turning out
to have been right; it's what the police know, not whether they
know the truth, that matters.") (quoting Gramenos, 797 F.2d at
739).

11

For the reasons set forth above, the Court concludes that the undisputed facts demonstrate that Deputy Henderson had probable cause to arrest Bijou for battery. Therefore, Bijou cannot prevail on his Section 1983 cause of action against Deputy Henderson for violating his Fourth Amendment rights via an unlawful arrest. Further, because an underlying violation of constitutional rights is an element of a Section 1983 claim against a municipality, Bijou also cannot prevail on his Section 1983 cause of action against Sheriff Rambosk. Therefore, Deputy Henderson and Sheriff Rambosk are entitled to summary judgment on Counts I and II.

**B.  False Arrest Claim Against Deputy Henderson – Count III**

In Count III, Bijou brings a cause of action against Deputy Henderson for the common law tort of false arrest. "False arrest is the unlawful restraint of a person against that person's will." Miami-Dade Cnty. v. Asad, 78 So. 3d 660, 669 (Fla. 3d DCA 2012) (quoting Willingham v. City of Orlando, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). A police officer is liable for false arrest if he or she did not have probable cause to believe that the arrestee had committed an offense. Lester v. Tavares, 603 So. 2d 18, 19 (Fla. 5th DCA 1992). As previously discussed, the undisputed facts demonstrate that Deputy Henderson had probable cause to arrest Bijou for battery. Accordingly, Bijou cannot prevail on his false

arrest claim and Deputy Henderson is entitled to summary judgment on Count III.

## C.   Malicious Prosecution Claims Against Deputy Henderson & Deputy Smith – Count IV & V

In Counts IV and V, Bijou brings causes of action against Deputy Henderson and Deputy Smith for the common law tort of malicious prosecution.  According to Bijou, he was charged with battery as a result of Deputy Henderson's and Deputy Smith's investigative reports.  Bijou contends that the contents of their reports, which recounted their conversations with Louis following her 911 calls, were fabricated.  Based on these allegations, Bijou contends that the Deputies are liable for malicious prosecution.

Under Florida law, the tort of malicious prosecution comprises six elements:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding."

Kingsland, 382 F.3d at 1234.  As previously discussed, the undisputed facts demonstrate that there was probable cause to arrest Bijou for battery.  Additionally, the Deputies' reports merely recounted what Louis told them when they interviewed her. Bijou was not present for those interviews and has provided no

evidence which contradicts the Deputies' recollection of their conversations with Louis. Bijou's assertions that he never battered his wife are insufficient to create a disputed issue of a material fact because the Deputies' reports do not state with certainty that Bijou *actually* slapped and choked Louis, but rather that Louis *reported* to the Deputies that Bijou had done so. Thus, Bijou cannot prevail on his malicious prosecution claims because the undisputed facts demonstrate that there was probable cause for the judicial proceeding commenced against him. Accordingly, Deputy Henderson and Deputy Smith are entitled to summary judgment on Counts IV and V.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. #57) is **GRANTED** and judgment is entered in favor of all Defendants and against Plaintiff on all claims in the Second Amended Complaint.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record